**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
         chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Sergio Lopez** and **Javier Garcia**, individually, and on behalf of all others similarly situated, | No. _____ |
| Plaintiff, | **COLLECTIVE ACTION COMPLAINT PURSUANT TO 29 U.S.C. § 201, *ET SEQ.*** |
| v. | |
| **PT Noodles Holdings, Inc.**, an Arizona Corporation; **PT Noodles LLC**, an Arizona Limited Liability Company; **PT Noodles II LLC**, an Arizona Limited Liability Company; **PT Noodles III LLC**, an Arizona Limited Liability Company; **PT Noodles IV LLC**, an Arizona Limited Liability Company; **PT Noodles V LLC**, an Arizona Limited Liability Company; **PT Noodles VI LLC**, an Arizona Limited Liability Company; **PT Noodles VII LLC**, an Arizona Limited Liability Company; **PT Noodles VIII LLC**, an Arizona Limited Liability Company; **PT Noodles IX LLC**, an Arizona Limited Liability Company; **PT Noodles X LLC**, an Arizona Limited Liability Company; **PT Noodles-Peoria LLC**, an Arizona Limited Liability Company; **PT Pho Express LLC**, an Arizona Limited Liability Company; **PT Pho Express 2 LLC**, an Arizona Limited Liability Company; | |

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-1-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

**Tien Thanh Nguyen and Jane Doe
Nguyen**, a Married Couple; and
**Wi Nguyen and Jane Doe Nguyen II**, a
Married Couple,

Defendants.

Plaintiffs, Sergio Lopez and Javier Garcia ("Plaintiffs"), individually, and on behalf of all other persons similarly situated, alleges as follows:

## **PRELIMINARY STATEMENT**

1.       Plaintiffs bring this action on behalf of themselves and all similarly-situated current and former Hourly Workers and Supervisors[1] of Defendants PT Noodles Holdings, Inc.; PT Noodles LLC; PT Noodles II LLC; PT Noodles III LLC; PT Noodles IV LLC; PT Noodles V LLC; PT Noodles VI LLC; PT Noodles VII LLC; PT Noodles VIII LLC; PT Noodles IX LLC; PT Noodles X LLC; PT Noodles-Peoria LLC; PT Pho Express LLC; lPT Pho Express II LLC; Tien Thanh Nguyen and Jane Doe Nguyen; and Wi Nguyen and Jane Doe Nguyen II[2] who were not compensated at a rate of one and one-half times their regular rates of pay for hours they worked in excess of 40 in a given workweek.

---

[1]       For the purposes of this Complaint, "Hourly Workers" and "Supervisors" are exclusively titles used for the purpose of classifying the two putative sub-classes of similarly situated individuals, is not necessarily the job title of Plaintiffs or the putative subclasses–which includes dishwashers, kitchen prep workers, line cooks, cashiers, and supervisors, whether paid an hourly or weekly rate–, and has no bearing or relation to any specialization, skill, education, training, or other qualification that might otherwise be associated with such a job title.

[2]       All Defendants to this action are collectively referred to as either "PT Noodles" or "Defendants" unless specified otherwise.

2.      Plaintiffs, individually, and on behalf of all others similarly situated, bring this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (the "FLSA").

3.      Plaintiffs bring a collective action under the FLSA to recover the unpaid overtime owed to them individually and on behalf of all other similarly situated employees, current and former, of Defendants.  Members of the Collective Action are referred to as the "Collective Members."

4.      The Collective Members are all current and former Hourly Workers and/or Supervisors who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

5.      This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

6.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours."  Under the FLSA, employers must pay all non-exempt employees an overtime premium for all time spent working in excess of 40 hours per week.

7.      Defendants engaged in the regular policy and practice of subjecting Plaintiffs and the Collective Members to their policy and practice of failing and/or refusing to pay them overtime for time they worked in excess of 40 hours per week, in violation of 29 U.S.C. § 207(a).

8.      Therefore, Defendants did not pay Plaintiffs or the Collective Members the applicable overtime rate, in violation of 29 U.S.C. § 207.

-3-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

## JURISDICTION AND VENUE

9.      Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

10.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this action arises under the Constitution and laws of the United States.

11.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiffs and the Collective Members occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the conduct alleged in the Complaint – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

12.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

13.     At all times material to the matters alleged in this Complaint, Plaintiffs are individuals residing in Maricopa County, Arizona, and have been employees of Defendants.

14.     At all material times, Plaintiff Sergio Lopez was a full-time, non-exempt employee of Defendants who worked for Defendants from approximately January 2019 through Approximately June 2019.

15.     At all material times, Plaintiff Sergio Lopez was employed by Defendants as a cook earning an hourly rate of pay.

16.     At all material times, Defendants employed Plaintiff Sergio Lopez to perform various "back-of-house" kitchen-related labor.

17.     At all material times, Plaintiff Sergio Lopez was an employee of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

18.     At all material times, Plaintiff Javier Garcia was a full-time, non-exempt employee of Defendants who worked for Defendants from approximately September 2017 through approximately February 2020.

19.     At all material times, Plaintiff Javier Garcia was employed by Defendants as a cook and/or a supervisor.

20.     From the beginning of his employment with Defendants through approximately July 2019, Plaintiff Javier Garcia worked for Defendants as a cook earning an hourly rate of pay.

21.     From approximately July 2019 through approximately February 2020, Plaintiff Javier Garcia worked for Defendants as a supervisor earning a weekly rate of pay.

22.     At all material times, Defendants employed Plaintiff Javier Garcia to perform various "back-of-house" kitchen-related labor.

23.     At all material times, Plaintiff Javier Garcia was an employee of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-5-

24.     Plaintiffs have given their written consent to be party Plaintiffs in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

25.     Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated who are current or former Hourly Workers or Supervisors of Defendants, including but not limited to Hourly Workers or Supervisors who agree in writing to join this action seeking recovery under the FLSA.

26.     Plaintiffs bring this action on behalf of themselves and on behalf of all other similarly situated current and former employees of Defendants–specifically, Hourly Workers or Supervisors who were not paid overtime for time worked in excess of 40 hours in a given workweek and whose wages, therefore, were non-compliant with the FLSA.

27.     Defendant PT Noodles Holdings, Inc. is an Arizona corporation, authorized to do business in the State of Arizona and is at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

28.     Under the FLSA, PT Noodles Holdings, Inc.is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant PT Noodles Holdings, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with Defendants.  As a person who acted in the

interest of Defendants in relation to the company's employees, PT Noodles Holdings, Inc. is subject to liability under the FLSA.

29.     Defendant PT Noodles LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

30.     Under the FLSA, Defendant PT Noodles LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant PT Noodles LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, PT Noodles LLC is subject to liability under the FLSA.

31.     Defendant PT Noodles II LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

32.     Under the FLSA, Defendant PT Noodles II LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant PT Noodles II LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment,

-7-

and maintained employment records in connection with Plaintiffs' and the Collective

Members' employment with Defendants.  As a person who acted in the interest of

Defendants in relation to the company's employees, PT Noodles II LLC is subject to

liability under the FLSA.

33.    Defendant PT Noodles III LLC is an Arizona limited liability company,

authorized to do business in the State of Arizona and is at all relevant times Plaintiffs'

and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

34.    Under the FLSA, Defendant PT Noodles III LLC is an employer.  The

FLSA defines "employer" as any person who acts directly or indirectly in the interest of

an employer in relation to an employee.  At all relevant times, Defendant PT Noodles III

LLC had the authority to hire and fire employees, supervised and controlled work

schedules or the conditions of employment, determined the rate and method of payment,

and maintained employment records in connection with Plaintiffs' and the Collective

Members' employment with Defendants.  As a person who acted in the interest of

Defendants in relation to the company's employees, PT Noodles III LLC is subject to

liability under the FLSA.

35.    Defendant PT Noodles IV LLC is an Arizona limited liability company,

authorized to do business in the State of Arizona and is at all relevant times Plaintiffs'

and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

36.    Under the FLSA, Defendant PT Noodles IV LLC is an employer.  The

FLSA defines "employer" as any person who acts directly or indirectly in the interest of

an employer in relation to an employee.  At all relevant times, Defendant PT Noodles IV

LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, PT Noodles IV LLC is subject to liability under the FLSA.

37.     Defendant PT Noodles V LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

38.     Under the FLSA, Defendant PT Noodles V LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant PT Noodles V LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, PT Noodles V LLC is subject to liability under the FLSA.

39.     Defendant PT Noodles VI LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-9-

40.     Under the FLSA, Defendant PT Noodles VI LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant PT Noodles VI LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, PT Noodles VI LLC is subject to liability under the FLSA.

41.     Defendant PT Noodles VII LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

42.     Under the FLSA, Defendant PT Noodles VII LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant PT Noodles VII LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, PT Noodles VII LLC is subject to liability under the FLSA.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

43.     Defendant PT Noodles VIII LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

44.     Under the FLSA, Defendant PT Noodles VIII LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant PT Noodles VIII LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, PT Noodles VIII LLC is subject to liability under the FLSA.

45.     Defendant PT Noodles IX LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

46.     Under the FLSA, Defendant PT Noodles IX LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant PT Noodles IX LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with Defendants.  As a person who acted in the interest of

1   Defendants in relation to the company's employees, PT Noodles IX LLC is subject to

2   liability under the FLSA.

3       47.     Defendant PT Noodles X LLC is an Arizona limited liability company,

4   authorized to do business in the State of Arizona and is at all relevant times Plaintiffs'

5   and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

6

7       48.     Under the FLSA, Defendant PT Noodles X LLC is an employer.  The

8   FLSA defines "employer" as any person who acts directly or indirectly in the interest of

9   an employer in relation to an employee.  At all relevant times, Defendant PT Noodles X

10  LLC had the authority to hire and fire employees, supervised and controlled work

11  schedules or the conditions of employment, determined the rate and method of payment,

12  and maintained employment records in connection with Plaintiffs' and the Collective

13  Members' employment with Defendants.  As a person who acted in the interest of

14  Defendants in relation to the company's employees, PT Noodles X LLC is subject to

15  liability under the FLSA.

16

17

18      49.     Defendant PT Noodles-Peoria LLC is an Arizona limited liability company,

19  authorized to do business in the State of Arizona and is at all relevant times Plaintiffs'

20  and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

21

22      50.     Under the FLSA, Defendant PT Noodles-Peoria X LLC is an employer.

23  The FLSA defines "employer" as any person who acts directly or indirectly in the interest

24  of an employer in relation to an employee.  At all relevant times, Defendant PT Noodles-

25  Peoria X LLC had the authority to hire and fire employees, supervised and controlled

26  work schedules or the conditions of employment, determined the rate and method of

27

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, PT Noodles-Peoria X LLC is subject to liability under the FLSA.

51.     Defendant PT Pho Express LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

52.     Under the FLSA, Defendant PT Pho Express LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant PT Pho Express LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, PT Pho Express LLC is subject to liability under the FLSA.

53.     Defendant PT Pho Express 2 LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

54.     Under the FLSA, Defendant PT Pho Express 2 LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant PT Pho Express

2 LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, PT Pho Express 2 LLC is subject to liability under the FLSA.

55.     Defendant Tien Thanh Nguyen and Jane Doe Nguyen are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Tien Thanh Nguyen and Jane Doe Nguyen are owners of PT Noodles, and were at all relevant times Plaintiffs' and the Collective Members' employer as defined by the FLSA, 29 U.S.C. § 203(d).

56.     Under the FLSA, Defendants Tien Thanh Nguyen and Jane Doe Nguyen are employers.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Tien Thanh Nguyen and Jane Doe Nguyen are the owners of PT Noodles.  At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with Defendants.  As persons who acted in the interest of Defendants in relation to the company's employees, Tien Thanh Nguyen and Jane Doe Nguyen are subject to individual liability under the FLSA.

-14-

57.     Defendant Wi Nguyen and Jane Doe Nguyen II are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Wi Nguyen and Jane Doe Nguyen II are owners of PT Noodles, and were at all relevant times Plaintiffs' and the Collective Members' employer as defined by the FLSA, 29 U.S.C. § 203(d).

58.     Under the FLSA, Defendants Wi Nguyen and Jane Doe Nguyen II are employers.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Wi Nguyen and Jane Doe Nguyen II are the owners of PT Noodles.  At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with Defendants.  As persons who acted in the interest of Defendants in relation to the company's employees, Wi Nguyen and Jane Doe Nguyen II are subject to individual liability under the FLSA.

59.     Plaintiffs are further informed, believe, and therefore allege that each of the Defendants gave consent to, ratified, and authorized the acts of all other Defendants, as alleged in this Complaint.

60.     Defendants, and each of them, are sued in both their individual and corporate capacities.

61.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiffs and the Collective Members.

62.     At all relevant times, Plaintiffs and the Collective Members were "employees" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

63.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

64.     At all relevant times, Defendants were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq*.

65.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' and the Collective Members' work and wages at all relevant times.

66.     At all relevant times, Plaintiffs and the Collective Members, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

67.     At all relevant times, Plaintiffs and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

68.     At all relevant times, all Defendants were joint employers of Plaintiffs and the Collective Members.  At all relevant times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiffs and the Collective Members; and (2) Defendants were under common control.  In any event, at all relevant times, Defendants were joint employers under the FLSA and 29 C.F.R. § 791.2(b) and employed Plaintiffs and the Collective Members.

69.     Further, at all relevant times, Defendants have operated as a "single enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r)(1).  That is, Defendants

perform related activities through unified operation and common control for a common business purpose. *See Brennan v. Arnheim and Neely, Inc.*, 410 U.S. 512, 515 (1973); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 914-15 (9th Cir. 2003).

70.    Defendants operate a chain of restaurants under the assumed name "PT Noodles" and "PT Pho Express."  They advertise themselves as such on their website.

71.    Defendants represent themselves to the general public as one restaurant company operating at multiple locations.  They share employees, have a common management, have a common ownership, pool their resources, operate from the same headquarters, share common statutory agents, and have the same owner.  This is a family of restaurants that advertises together on the same website, provides the same array of products and services to its customers, and uses the same business model.  This family of restaurants provides the same service product to its customers by using a set formula when conducting its business.  Part of that set formula is the wage violations alleged in this Complaint.  These facts represent a classic example of "corporate fragmentation."

72.    Defendants' joint business purpose is to own and manage a chain of Vietnamese restaurants.

## **INDIVIDUAL AND COLLECTIVE FACTUAL ALLEGATIONS**

73.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

74.    Defendants operate a chain of Vietnamese restaurants called "PT Noodles" and "PT Pho Express."

75.     At all relevant times, Defendants have employed Hourly Workers to perform front of house, back of house, serving, busing, kitchen prep, cashier, dishwashing, and prep cook-related duties at hourly rates of pay for such work performed.

76.     At all relevant times, Defendants have employed Supervisors to perform both front of house and back of house duties, sometimes with limited supervisory authority, cooking, prepping food, cleaning the restaurant, ands training other workers, at weekly rates of pay for such work performed.

77.     At all relevant times, Defendants have operated pursuant to a policy and practice of not paying an overtime premium–one and one-half times the regular hourly rate of pay–to their Hourly Workers and/or Supervisors for time they spend working in excess of 40 hours in a given workweek.

78.     At all relevant times, Defendants required some or all of their Hourly Workers and/or Supervisors to sign contracts agreeing to forego overtime pay for time worked in excess of 40 hours in a given workweek.

79.     During his time working for Defendants, Plaintiff Sergio Lopez worked primarily for PT Pho Express restaurant, located at 16995 North 75th Avenue, Suite 105, Phoenix, AZ 85382.

80.     During his time working for Defendants, Plaintiff Javier Garcia worked both PT Noodles and PT Pho Express.

81.     Specifically, during his time working for Defendants, Plaintiff Javier Garcia worked for the PT Noodles Avondale, located at 10220 West McDowell Road,

Suite 150, Avondale, AZ 85392; PT Noodles Goodyear, located at 1375 North Litchfield Road, Suite 101, Goodyear, AZ 85395; the PT Noodles Buckeye, located at 940 South Watson Road, Suite 102, Buckeye, AZ 85326; and the PT Pho Express Bell, located at 16995 North 75th Avenue, Suite 105, Phoenix, AZ 85382.

82.     At all relevant times, Plaintiffs generally worked in excess of 40 hours in a given workweek for Defendants without receiving one and one-half times their regular rates of pay.

83.     For example, during the biweekly pay period of May 12, 2019 through May 25, 2019, Plaintiff Sergio Lopez worked a total of 118.5 hours for Defendants at the flat rate of $13.00 per hour for all hours worked, including time spent working in excess of 40 hours in a given workweek.

84.     For example, during the biweekly pay period of May 26, 2019 through June 8, 2019, Plaintiff Sergio Lopez worked a total of 112.5 hours for Defendants at the flat rate of $13.00 per hour for all hours worked, including time spent working in excess of 40 hours in a given workweek.

85.     For example, during the biweekly pay period of October 14, 2018 through October 27, 2018, Plaintiff Javier Garcia worked a total of 132.98 hours for Defendants at the flat rate of $14.00 per hour for all hours worked, including time spent working in excess of 40 hours in a given workweek.

86.     For example, during the biweekly pay period of October 28, 2018 through November 10, 2018, Plaintiff Javier Garcia worked a total of 130.98 hours for

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

Defendants at the flat rate of $14.00 per hour for all hours worked, including time spent working in excess of 40 hours in a given workweek.

87.    At all relevant times, Plaintiffs and the Collective Members, collectively, have performed work at the each and every of Defendants' PT Noodles and PT Pho Express locations.

88.    At all relevant times, Defendants have employed Plaintiffs and the Hourly Workers to perform either "front of house" or "back of house" duties, generally at hourly rates of pay, for such work performed.

89.    At all relevant times, Defendants have employed Plaintiffs and the Supervisors to perform "front of house" or "back of house" duties, with limited supervisory authority, generally at weekly rates of pay, for such work performed.

90.    At all relevant times, Defendants did not pay Plaintiffs or the Collective Members one- and one-half times their regular rates of pay for time spent working in excess of 40 hours in a given workweek.

91.    Plaintiffs and the Collective Members are and were non-exempt employees.

92.    From the beginning of Plaintiffs' and the Collective Members' employment through the present day, Defendants failed to properly compensate Plaintiffs and the Collective Members for any of their overtime hours.  During this time, Plaintiffs and the Collective Members generally worked between approximately fifty (50) and seventy (70) or more hours per given workweek.

93.    At all relevant times, Plaintiffs and the Collective Members were paid exclusively at their regular rate of pay and were never paid overtime for time they worked in excess of 40 hours in a given workweek.

94.    Such conduct on the part of Defendants violated the FLSA, 29 U.S.C. § 207(a).

95.    At all relevant times, Plaintiffs and the Hourly Workers were not paid on a salary basis.

96.    At all relevant times, Plaintiffs and the Hourly Workers were not managers.

97.    At all relevant times, Plaintiffs and the Hourly Workers did not have supervisory authority over any employees, did not possess the authority to hire or fire employees, did not possess authority to make critical job decisions with respect to any of Defendants' employees, did not direct the work of two or more employees, and did not exercise discretion and independent judgment with respect to matters of significance.

98.    At all relevant times, Plaintiffs' and the Hourly Workers' primary duty was not the management of the enterprise in which they were employed or any recognized department of the enterprise.

99.    At all relevant times, Plaintiff Javier Garcia and the Supervisors were not paid on a salary basis.

100.    At all relevant times, Plaintiff Javier Garcia and the Supervisors were not managers.

101.    At all relevant times, Plaintiff Javier Garcia and the Supervisors did not have supervisory authority over any employees, did not possess the authority to hire or

fire employees, did not possess authority to make critical job decisions with respect to any of Defendants' employees, did not direct the work of two or more employees, and did not exercise discretion and independent judgment with respect to matters of significance.

102.   At all relevant times, Plaintiff Javier Garcia's and the Supervisors' primary duty was not the management of the enterprise in which they were employed or any recognized department of the enterprise.

103.   At all relevant times, From the beginning of Plaintiffs' and the Collective Members' employment through the present day, Defendants failed to properly compensate them for any of their overtime hours.

104.   Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiffs and the Collective Members over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA overtime wage requirements during Plaintiffs' and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

105.   Defendants refused and/or failed to properly disclose to or apprise Plaintiffs and the Collective Members of their rights under the FLSA.

106.   Therefore, in a given workweek, and during each and every workweek of Plaintiffs' and the Collective Members' employment with Defendants, Plaintiffs and the Collective Members were subject to Defendants' policy and practice of not paying one- and one-half times Plaintiffs' and the Collective Members' regular rates of pay.

107.    In a given workweek, and during each and every workweek of Plaintiffs' and the Collective Members' employment with Defendants, Plaintiffs and the Collective Members worked more than 40 hours but were not paid the applicable one and one half times Plaintiffs' and the Collective Members' regular rates of pay for time they spent working in excess of 40 hours.

108.    Plaintiffs believe and therefore claim that Defendants subjected each and every Hourly Worker and Supervisor that they employed, including Plaintiffs and the Collective Members, to their policy and practice of not paying one- and one-half times Plaintiffs' and the Collective Members' regular rates of pay.

109.    Plaintiffs and the Collective Members are covered employees within the meaning of the Fair Labor Standards Act ("FLSA").

110.    Defendants refused and/or failed to properly disclose to or apprise Plaintiffs and the Collective Members of their rights under the FLSA.

111.    Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' and Collective Members' work and wages at all relevant times.

112.    Due to Defendants' illegal wage practices, Plaintiffs and the Collective Members are entitled to recover from Defendants compensation for unpaid overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

113.    At all times material, Defendants paid Plaintiffs and the Collective Members at their regular rates of pay, regardless of whether they worked in excess of 40 hours in a given workweek.

114.    Defendants subjected all of their Hourly Workers and/or Supervisors, including Plaintiffs and the Collective Members, to their policy and practice of not paying their Hourly Workers and/or Supervisors one- and one-half times their regular rates of pay for time they spent working in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207(a).

115.    At all material times, Plaintiffs and the Hourly Workers are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully subjecting Plaintiffs and the Hourly Workers to their policy and practice of not paying their Hourly Workers one and one half times their regular rates of pay for time they spent working in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207(a).

116.    At all material times, Plaintiff Javier Garcia and the Supervisors are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully subjecting Plaintiff Javier Garcia and the Supervisors to their policy and practice of not paying their Supervisors one and one half times their regular rates of pay for time they

spent working in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207(a).

117.    Plaintiffs' claims stated in this complaint are essentially the same as those of the Hourly Workers.  This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of Hourly Workers similarly situated to Plaintiffs is identical or substantially similar.

118.    Plaintiff Javier Garcia's claims stated in this complaint are essentially the same as those of the Supervisors.  This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of Supervisors similarly situated to Plaintiff Javier Garcia is identical or substantially similar.

119.    The Collective Members perform or have performed the same or similar work as Plaintiff.

120.    Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Plaintiffs or the Collective Members.

121.    While Plaintiffs have described Plaintiffs' and the Collective Members' job titles as Hourly Workers and/or Supervisors, the specific job titles, compensation rates, or precise job responsibilities of each Collective Member does not prevent collective treatment.

122.    All Collective Members, irrespective of their particular job requirements and job titles, are entitled to proper overtime wage compensation for all hours worked in excess of 40 in a given workweek.

123.   Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula.  The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all of the Collective Members.

124.   As such, Plaintiffs bring this FLSA overtime wage claim as a collective action on behalf of the following subclasses:

1. **Hourly Workers: All current and former individuals employed as Dishwashers, Kitchen Prep Workers, Cooks, Line Cooks, and Cashiers, (or in other positions with similar job titles or job duties), who were paid an hourly rate of pay, and who worked for any of Defendants' PT Noodles and/or PT Pho Express locations in a given workweek, three years before the Complaint was filed up to the present.**

2. **Supervisors: All current and former individuals employed as Supervisors or Assistant Managers (or in other positions with similar job titles or job duties), who were paid a salary, weekly rate, or other similar compensation rate of pay, and who worked for any of Defendants' PT Noodles and/or PT Pho Express locations three years before the Complaint was filed up to the present.**

125.   Defendants' unlawful conduct, as described in this Collective Action Complaint, is pursuant to Defendants' corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

126.   Defendants are aware or should have been aware that federal law prohibited them from not paying their Hourly Workers and Supervisors–namely, Plaintiffs and the

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

Collective Members–an overtime premium wage for time spent working in excess of 40 hours per given workweek.

127.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

128.     This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

129.     Upon information and belief, the individuals similarly situated to Plaintiffs include more than one hundred (100) employees currently and/or formerly employed by Defendants, and Plaintiffs are unable to state the precise number of similarly-situated employees because that information is solely in Defendants' possession, custody, or control, but it can be readily ascertained from their employment records and the records of Defendants' payroll processor.

130.     Notice can be provided to the Collective Members by First Class Mail to the last address known to Defendants, via email at the last known email address known to Defendants, and by text message to the last known telephone number known to Defendants.

## **DAMAGES**

131.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

132.     Plaintiffs and the Collective Members are entitled to recover overtime compensation for the hours they worked in excess of 40 per given workweek for which

they were not paid at the federally mandated one- and one-half times their regular rates of pay.

133.    Plaintiffs and the Collective Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

134.    Plaintiffs and the Collective Members are also entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

<u>**COUNT ONE: FAIR LABOR STANDARDS ACT**</u>
<u>**FAILURE TO PAY OVERTIME**</u>

135.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

136.    At all relevant times, Defendants did not pay Plaintiffs or the Collective Members one- and one-half times their regular rates of pay for time spent working in excess of 40 hours in a given workweek.

137.    Defendants engaged in such conduct in direct violation of 29 U.S.C. § 207(a).

138.    As such, unpaid overtime wages for such time Plaintiffs and the Collective Members worked in excess of 40 hours per given workweek is owed to Plaintiffs and the Collective Members for the entire time they were employed by Defendants.

139.    Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiffs and the Collective Members over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA overtime wage requirements during Plaintiffs' and the Collective

Members' employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

140.    Plaintiffs and the Collective Members are therefore entitled to compensation for their unpaid overtime wages at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiffs, Sergio Lopez and Javier Garcia, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiffs and the Collective Members' favor, and against Defendants:

A.    For the Court to declare and find that the Defendants committed one or more of the following acts:

i.    violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay proper overtime wages;

ii.    willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

B.    For the Court to award damages in the amounts of all unpaid overtime compensation due and owing to Plaintiffs and the Collective Members for time they spent working in excess of 40 hours per given workweek;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

E.      For the Court to award Plaintiffs and the Collective Members' reasonable

attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and

all other causes of action set forth in this Complaint;

F.      For the Court to provide reasonable incentive awards for each named

Plaintiffs to compensate them for the time they spent attempting to recover

wages for the Collective Members and for the risks they took in doing so;

and

G.      Such other relief as this Court deems just and proper.

## REQUEST FOR COLLECTIVE ACTION CERTIFICATION

As to Count I of this Complaint, Plaintiffs request that the Court designate this

action as a collective action on behalf of the FLSA Collective Members and promptly

issue a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the

FLSA opt-in class, apprising them of the pendency of this action, and permitting them to

timely assert FLSA claims in this action by filing individual Consent to Sue Forms

pursuant to 29 U.S.C. § 216(b).

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 9th day of March, 2020.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiffs*

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060