**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
          chris@bendaulaw.com
*Attorneys for Plaintiffs*

**DESSAULES LAW GROUP**
Jonathan A. Dessaules (AZ Bar No. 019439)
Michael R. Perry (AZ Bar No. 007478)
Douglas M. Imperi, Jr., (AZ Bar No. 034708)
5353 N. 16th Street, Suite 110
Phoenix, AZ 85016
Telephone: (602) 274-5400
Fax: (602) 274-5301
E-mail: jdessaules@dessauleslaw.com
          mperry@dessauleslaw.com
          dimperi@dessauleslaw.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Sergio Lopez** and **Javier Garcia**, individually, and on behalf of all others similarly situated, | No. 2:20-cv-00493-JJT |
| Plaintiffs, | **JOINT MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT** |
| v. | |
| **PT Noodles Holdings, Inc.**, et al., | |
| Defendants. | |

Pursuant to 29 U.S.C. § 216(b), the Parties jointly request that the Court approve the settlement in the matter, for the reasons set forth below, and upon approval dismiss this matter with prejudice.

# I.    PROCEDURAL HISTORY

Plaintiffs Sergio Lopez and Javier Garcia filed this lawsuit alleging that they were

-1-

not paid overtime in workweeks where they worked more than 40 hours in workweek as hourly workers. Plaintiff Javier Garcia also claimed that he was misclassified as exempt as a supervisor, and not paid overtime for workweeks in which he worked more than 40 hours. Plaintiffs sued on behalf of a collective of similarly situated individuals and sought approval of a collective with two subclasses, one of hourly employees who worked at any of Defendants' locations and one of supervisors whom they alleged were misclassified as exempt and therefore not paid overtime. On January 12, 2021, the Court granted conditional certification for the subclass of hourly workers and denied certification for the subclass of supervisors. By the end of the 60-day notice period, 12 additional plaintiffs had opted into the lawsuit by filing consent to sue forms. On April 6, 2021, the parties attended a settlement conference with U.S. Magistrate Judge Deborah M. Fine and, with her assistance, reached an agreement to settle the case. Prior to the settlement conference, Defendants disclosed documentation showing the hours worked and pay for Plaintiff and each of the Opt-In Plaintiffs.

After further negotiations, the parties finalized a formal settlement agreement, which is attached hereto as **Exhibit A**. The parties now request that the Court approve this settlement.

## II.    THE COURT SHOULD APPROVE THE FLSA SETTLEMENT AS FAIR AND REASONABLE.

"FLSA claims may not be settled without approval of either the Secretary of Labor or a district court." *Semiano v. Xyris Enter., Inc*., 602 F. App'x 682, 683 (9th Cir. 2015) (citing *Nall v. Mal-Motels, Inc*., 723 F.3d 1304, 1306 (11th Cir. 2013)). "In reviewing an FLSA settlement, the district court's obligation is not to act as caretaker but as gatekeeper; rather, it must ensure that private FLSA settlements are appropriate given the FLSA's purposes and that such settlements do not undermine the Act's purposes." *Quintana v. HealthPlanOne LLC*, CV-18-02169-PHX-RM, 2019 WL 3342339, at *1 (D. Ariz. July 25, 2019). Courts within the Ninth Circuit generally apply the Eleventh Circuit standard, which

asks whether the settlement is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Nall*, 723 F.3d at 1308 n.3. "If the settlement reflects a reasonable compromise over issues such as FLSA coverage or computation of back wages ..., the court may approve the settlement in order to promote the policy of encouraging settlement of litigation." *Juvera v. Salcido*, No. 11-2119, 2013 WL 6628039, at *8 (D. Ariz. Dec. 17, 2013) citing *Khanna v. Inter–Con Sec. Systems*, Inc.,2012 WL 4465558, at *10 (E.D. Cal. Sept. 25, 2012).

### A.    The Proposed Settlement Is the Product of Contested Litigation and Resolves a Bona Fide Dispute Between the Parties

This matter was resolved after the lawsuit was filed and prospective members of the collective action class were given an opportunity to opt into the litigation. The parties, both represented by experienced counsel, negotiated a settlement in an arms-length negotiation —a settlement conference before a U.S. Magistrate Judge who worked with the parties and assisted in negotiating a fair settlement. The facts of this case were disputed, including whether Defendants were joint employers under applicable law, whether Plaintiffs and Opt-Ins were adequately compensated for any time in excess of 40 hours in a given work week, and whether Plaintiff Javier Garcia was misclassified as an exempt supervisor. The parties made initial disclosures, propounded written discovery, and litigated a motion for conditional certification.

### B.    The Proposed Settlement is Fair and Reasonable

Through the settlement, each Plaintiff and Opt-In Plaintiff is **fully compensated for all overtime premiums and association liquidated damages** they would be entitled to had they prevailed on their claims at trial. The seven opt-in Plaintiffs who were paid for all overtime worked during the relevant time period will receive a payment of $100.00 each in consideration of the settlement. In addition, Plaintiff Javier Garcia received additional compensation in settlement of his individual misclassification claim.

Plaintiffs' counsel has significant experience in wage and hour litigation and

believes the monetary terms of the Settlement are fair and reasonable. Plaintiffs' Counsel accepted and litigated this action on a contingency basis, agreeing to receive either 40% of the overall recovery or Plaintiff's counsels' separately negotiated lodestar fees, whichever was greater, and have received no compensation for the outlay of attorney time, nor for any of the expenses incurred. *See* Representation Agreements, attached as **Exhibit B**. Further, there has never been any guarantee that Plaintiffs' Counsel would ever be paid for that time or reimbursed for those costs. No matter how many hours put in, no matter how burdensome the litigation, there would be no payment unless Plaintiffs prevailed, and received a money damages award and award of attorneys' fees. Moreover, this litigation involved many significantly complex issues, which exacerbated the risk of non-recovery.

Pursuant to the Settlement, the Plaintiffs will receive a total of $49,280.36 from Defendants. This amount consists of damages and liquidated damages in the amount of $14,280.36, which will be distributed between the 12 Plaintiffs, as described above. This amount also includes Plaintiffs' counsel's attorneys' fees and costs in an amount of $35,000.00, which represents a reduction in Plaintiff's counsels' overall lodestar at the time of the mediation of more than $15,000. The reduction was justified by the uncertainty of further litigation, and Plaintiffs' counsel has since continued to devote time and resources to this matter since reaching a resolution. The settlement to the Plaintiffs, and the allocation to Plaintiffs' counsel of attorneys' fees and costs, is fair and reasonable. The parties request that this Court approve the settlement agreement.

III.    **CONCLUSION AND RELIEF REQUESTED**

As demonstrated herein, the Parties are entitled to Court approval of the $49,280.36 in damages, attorneys' fees, and costs negotiated under 29 U.S.C § 216(b). The parties respectfully request the Court grant this motion and enter the attached proposed order approving the parties' settlement agreement. The parties further request that, upon granting this motion, the Court dismiss this matter with prejudice and retain jurisdiction to enforce the terms of the settlement agreement.

1

2

RESPECTFULLY SUBMITTED this 10th day of May 2021.

3

4

BENDAU & BENDAU PLLC

5

/s/ *Christopher J. Bendau*
Clifford P. Bendau, II
Christopher J. Bendau
Attorneys for Plaintiffs

6

7

DESSAULES LAW GROUP

8

/s/*Douglas M. Imperi (with permission)*
Jonathan A. Dessaules
Michael R. Perry
Douglas M. Imperi, Jr.
Attorneys for Defendants

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

1

2                          <u>**CERTIFICATE OF SERVICE**</u>

3
       I hereby certify that on the 10th Day of May, 2021, a copy of the foregoing was
4
transmitted electronically to the CM/ECF filing system for filing and transmittal along with
5
copies transmitted to all counsel of record via the CM/ECF system.
6

7
       /s/ *Christopher J. Bendau*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27